NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MANNIS | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No.04-cv-3323 (DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Petitioner Robert Mannis ("Petitioner") to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. After carefully considering the submissions of the parties and conducting a hearing regarding the same, and based upon the following, it is the finding of this Court that Petitioner's motion is **denied.**

### I. BACKGROUND

Petitioner was charged in a one-count Information with making a false statement to a bank in violation of 18 U.S.C. § 1014. On May 21, 2002, Petitioner entered a guilty plea to the one-count Information before the Honorable Alfred M. Wolin.

For sentencing purposes, Judge Wolin determined the amount of loss to be between $5 million and $10 million. The Court relied upon the 1998 Edition of the Guidelines Manual in sentencing Petitioner. The Total Offense Level was 19, and the Criminal History Category was I. Accordingly, the applicable guideline range was 30-37 months imprisonment. Judge Wolin sentenced Petitioner to serve thirty (30) months imprisonment, five (5) years supervised release, and

directed payment of restitution in the sum of $13,017,927.81.[1]

Subsequently, Petitioner ordered a record for the transcript of his sentencing. The Court Reporter provided an incomplete record of the sentencing transcript. On July 14, 2006, this Court conducted an evidentiary hearing for the purpose of reconstructing the portion of the missing transcript. Thereafter, both Petitioner and Respondent submitted post-hearing briefs.

**II.    DISCUSSION**

There are two issues before the Court: (1) whether Petitioner should be resentenced because he allegedly received ineffective assistance of counsel due to counsel's failure to argue retroactive application of Amendment 617; and (2) whether Petitioner should be resentenced due to the fact that the sentencing transcript cannot be recreated to produce a record that Petitioner can present to the Court of Appeals.

    **A.    Sentencing Counsel's Failure to Argue for Retroactive Application of Amendment 617 Does not Constitute Ineffective Assistance**

The first issue before this Court is whether Petitioner's sentencing counsel was ineffective for failing to argue for the retroactive application of Amendment 617 of the Sentencing Guidelines thereby subjecting Petitioner to a greater sentence than he would have received if the amendment was properly applied. As set forth in Strickland v. Washington, Petitioner must satisfy a two-prong test in order to show he received ineffective assistance of counsel at trial. 466 U.S. 668, 687 (1984). First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness," overcoming the strong presumption that counsel's representation fell within a wide range of reasonable assistance. Id. at 688-89. Second, Petitioner must show that the deficient representation actually prejudiced the defense. Id. at 691. In order to establish prejudice, the

---

[1]Judge Wolin has since retired from the Court.

defendant must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, the result would have been different. Id. at 694.

Generally, a court should apply the Sentencing Guidelines in effect at the time of sentencing, unless such application would violate the *ex post facto* clause of the United States Constitution, in which case the Court is to use the guidelines in effect at the time the offense was committed. See USSG § 1B1.11(a)-(b)(1). The court shall not apply, for example, one guideline section from one edition Guidelines Manual and another guideline section from a different edition of the Guidelines Manual. USSG § 1B1.11(b)(2).

In this case, Petitioner was sentenced under the 1998 edition of the Sentencing Guidelines. Neither party disputes that the 1998 edition was the correct edition to use. Petitioner was charged with making false statements to a bank. Section 2F1.1 of the 1998 Sentencing Guidelines Manual applied to this offense and did not indicate whether a court should include interest in a loss determination for sentencing purposes. At the time of sentencing, Judge Wolin included interest in calculating the loss amount for the total offense level. In 2001, Amendment 617 repealed Section 2F1.1 of the Sentencing Guidelines and moved its substance to Section 2B1.1. This provision specifically excluded contractual interest from the loss determination for sentencing purposes. See USSG § 2B1.1(a)(1)(3)(D).

Petitioner's ineffective assistance of counsel claim fails because he does not meet the second Strickland prong - actual prejudice. After determining the effect of applying Amendment 617 retroactively and excluding interest it is apparent that Petitioner's sentence would still fall within the same sentencing guideline range utilized by Judge Wolin. If the Court accepts that Amendment 617 is a clarifying amendment, the amount of loss calculated for sentencing purposes must not include

interest. The Pre-Sentence Investigation report calculated the interest as $793,660. Judge Wolin set the loss amount between $5 million and $10 million. The guideline range for sentencing purposes would still be 30-37 months according to the 1998 Sentencing Guideline Manual. At sentencing the Court declared, "What I am going to do is err on the side of caution. Even though I think that the loss or intended loss is in excess of $10 million, I am going to peg the loss between $5 million and $10 million . . . so there is a fudge factor of $5 million for all of the estimations that could be made." Sentencing Tr. 52:22-25; 54:2-3. In the unlikely case that the loss would then be less than $5 million, it would still be at least $2.5 million with a corresponding guideline range of 27-33 months. Judge Wolin sentenced Petitioner to 30 months imprisonment, which falls within both guideline ranges.

Petitioner has failed to show that he was prejudiced by any error committed by his counsel at sentencing. The sentencing guideline range would have been the same if the Court had excluded $793,660 in interest from the loss calculation and applied the 1998 guidelines as Petitioner contends. In the event the loss amount fell below $5 million after excluding interest, Petitioner would have faced 27-33 months imprisonment. Petitioner has failed to show with "reasonable probability" that he would have received a lower sentence since the Court imposed 30 months, which remains within the 27-33 month guideline range. Strickland, 466 U.S. at 694. Therefore, even if counsel committed error by not arguing for retroactive application of Amendment 617, Petitioner cannot obtain post-conviction relief due to ineffective assistance of counsel because he was not prejudiced by the alleged error.

### B.     Petitioner Did Not Suffer Prejudice As A Result of the Incomplete Transcript

Petitioner alleges that he is entitled to be resentenced because portions of the sentencing transcript are missing and therefore unavailable to present to the Court of Appeals. Petitioner argues that without the transcript there is no explanation as to how the Court arrived at an amount of loss between $5 million and $10 million but imposed restitution in the amount of $13,017,927.81. Petitioner's argument is without merit because Petitioner is not able show any specific prejudice was suffered as a result of the missing transcript.

In order to demonstrate denial of a fair appeal, a petitioner must show prejudice resulting from the missing transcripts. Bransford v. Brown, 806 F2d 83, 86 (6th Cir. 1986) cert. denied, 481 U.S. 1056 (1987).  In Bransford, the Court acknowledged the difficulty in showing prejudice where the transcripts are missing, but maintained that the petitioner must present something more than gross speculation that the transcripts were requisite to a fair appeal. Id.  See also White v. Florida, Dep't of Corr., 939 F.2d 912, 914 (11th Cir. 1991) cert. denied, 503 U.S. 910 (1992), Mitchell v. Wyrick, 698 F.2d 940, 942 (8th Cir. 1983) cert. denied, 462 U.S. 1135, (1983) (both finding that the defendant failed to show how having the complete record could have benefitted him); Devery v. Vaughn, No. 90-1609, 1991 WL 30717 (E.D. Pa. March 1, 1991) (finding that petitioner must show he was prejudiced by the missing transcript).

Petitioner seeks resentencing for lack of a full sentencing transcript, but does not specify any prejudice as a result of the missing transcript.  Petitioner states that he is entitled to resentencing because there is no explanation of how the court arrived at a loss figure between $5 million and $10 million for sentencing purposes and more than $13 million for restitution.  However, Petitioner does

not allege any error in the calculation of the restitution amount. A lack of explanation as to how the amount was determined does not amount to an appealable error resulting in prejudice to Petitioner. Petitioner seeks a complete sentencing record to present to the Court of Appeals based on gross speculation that the transcripts are necessary for a fair appeal. Without more, Petitioner fails to establish he was denied a fair appeal.

Furthermore, the existing transcript is not completely void of any explanation as to how the Court calculated the restitution amount. The Declaration of Victim Losses determined the loss to be $13,017,927, which is the amount Judge Wolin imposed for restitution. In the sentencing transcript, Judge Wolin stated that he accepted the affidavit of Mr. Brehm, the Declaration of Victim Losses, to be accurate. Sentencing Tr. at 53:7-8. Furthermore, the Court indicated that for sentencing purposes, it would use a more conservative loss amount, even though the Judge thought the loss was in excess of $10 million. Sentencing Tr. at 53:23-24. Although the Court was conservative when it determined loss for Guidelines purposes, this does not invalidate the amount imposed for restitution. A complete transcript to explain the difference in loss amount for sentencing purposes and the loss amount for restitution does not result in prejudice to Petitioner; thus, no resentencing is necessary.

**III.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Petitioner's application for a writ of habeas corpus is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       February   9  , 20 07
Original:   Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File