NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROBERT MANNIS, : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | **OPINION** |
| v. : | Civil Action No. 04-CV-3323 (DMC) |
| UNITED STATES OF AMERICA, : |  |
| Respondent. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon Petitioner Robert Mannis's request for the Court to issue a Certificate of Appealability under 28 U.S.C. § 2253(c). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's request for a certificate of appealability is **denied**.

**I.   BACKGROUND**

      Petitioner was charged in a one-count Information with making a false statement to a bank in violation of 18 U.S.C. § 1014. On May 21, 2002, Petitioner entered a guilty plea to the one-count Information before the Honorable Alfred M. Wolin.

      For sentencing purposes, Judge Wolin determined the amount of loss to be between $5 million and $10 million. The Court relied upon the 1998 Edition of the Guidelines Manual in sentencing Petitioner. The Total Offense Level was 19 and the Criminal History Category was I. Accordingly, the applicable guideline range was 30-37 months imprisonment. Judge Wolin

sentenced Petitioner to serve thirty (30) months imprisonment, five (5) years supervised release, and directed payment of restitution in the sum of $13,017,927.81.[1]

Subsequently, Petitioner ordered a record for the transcript of his sentencing. The Court Reporter provided an incomplete record of the sentencing transcript.  On July 14, 2006, this Court conducted an evidentiary hearing for the purpose of reconstructing the portion of the missing transcript.  Thereafter, both Petitioner and Respondent submitted post-hearing briefs.

**II.    DISCUSSION**

No certificate of appealability should issue because Petitioner has failed to satisfy the standards for issuance of a Certificate of Appealability. Section 2253(c) provides that "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless Petitioner has identified specific issues and made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (2), (3); Slack v. McDaniel, 529 U.S. 473, 484 (2000); United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000). To do so, Petitioner must make a "showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further,'" that is, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484 (citation omitted); Miller-El v. Cockrell, 123 S.Ct. 1029, 1039-40 (2003). Petitioner has failed to make such a showing.

Petitioner's request for a certificate of appealability is denied and, therefore, the United States Court of Appeals for the Third Circuit lacks jurisdiction. See Miller-El, 123 S.Ct. at 1038;

---

[1] Judge Wolin has since retired from the Court.

Cepero, 224 F.3d at 267; Morris v. Horn, 187 F.3d 333, 339, 343 (3d Cir. 1999).

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Petitioner's request for a certificate of appealability is **denied**.  An appropriate Order accompanies this Opinion.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | January   23  , 2008 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Mark Falk, U.S.M.J. |
| | File |

3